EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
|---|---|
| Recurrido | |
| | 2025 TSPR 37 |
| v. | |
| | 215 DPR ___ |
| Stephan Anthony Mayr | |
| Peticionario | |

Número del Caso: CC-2025-0130

Fecha: 4 de abril de 2025

Tribunal de Apelaciones:

Panel VI

Representante legal de la parte peticionaria:

Lcdo. Julián A. Domenech Carrasquillo

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

      v.                            CC-2025-0130     *Certiorari*

Stephan Anthony Mayr

    Peticionario

RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de abril de 2025.

    Examinados el *Urgente auxilio de jurisdicción y solicitud de paralización* y la petición de *Certiorari* que presentó el Sr. Stephan Anthony Mayr, se provee no ha lugar a ambos.

    Notifíquese inmediatamente.

    Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez proveería ha lugar al *Urgente auxilio de jurisdicción y solicitud de paralización*, expediría la petición de *Certiorari* y emite un *Voto particular disidente*.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Stephan Anthony Mayr<br><br>Peticionario | CC-2025-0130 | Certiorari |
|---|---|---|

Voto particular disidente emitido por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 4 de abril de 2025.

Respetuosamente considero que existe la necesidad de analizar, interpretar y pautar el alcance de los Artículos 71 y 72 del Código Penal de Puerto Rico, infra, que regulan el concurso de delitos, junto con la Regla 37 de Procedimiento Criminal, infra, y otras disposiciones relevantes. Este análisis resultaba esencial para establecer el Derecho aplicable y asegurar el cumplimiento de las protecciones expresamente otorgadas por la Asamblea Legislativa en el caso ante nuestra consideración.

Asimismo, estimo que esta controversia representa la coyuntura ideal para evaluar si los delitos originados de un mismo curso de conducta debían ser bifurcados y procesados en dos (2) regiones judiciales distintas dentro de Puerto Rico. Dicha evaluación era fundamental para garantizar una

aplicación coherente del Derecho Penal y evitar interpretaciones que pudieran afectar los derechos del peticionario, la economía procesal y la adecuada administración del sistema judicial. Al denegarse la solicitud de auxilio de jurisdicción y el recurso de Certiorari, disiento y procedo a explicar los fundamentos de mi postura.

I.

Como breve trasfondo al asunto que nos ocupa, **el 1 de abril de 2024** ocurrió una persecusión policiaca en contra del Sr. Stephan Anthony Mayr (peticionario) que comenzó en Carolina y se extendió hasta Fajardo. Como resultado, el Ministerio Público presentó tres (3) denuncias en su contra ante el Tribunal de Primera Instancia de Carolina. Las denuncias fueron por violaciones al Art. 246 (e) del Código Penal de Puerto Rico, 33 LPRA sec. 5536 (resistir al arresto o huir violentamente luego de ser informado por un funcionario del orden público de su autoridad legal para practicarlo), y a los Arts. 3.23 (uso ilegal de licencia de conducir) y 5.07 (conducir de forma imprudente o negligente) de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, 9 LPRA secs. 5073 y 5127. El Tribunal de Primera Instancia de Carolina determinó causa para arresto por los tres (3) delitos mencionados.

Eventualmente, el 13 de agosto de 2024, el Tribunal de Primera Instancia de Carolina declaró culpable al

peticionario por las infracciones al Art. 5.07 de la Ley de Vehículos y Tránsito de Puerto Rico, supra, y al Art. 246 (e) del Código Penal, supra. No obstante, lo absolvió por el delito del Art. 3.23 de la Ley de Vehículos y Tránsito de Puerto Rico, supra. Como resultado, el foro primario de Carolina le impuso al peticionario una multa de mil dólares ($1,000) y una pena especial de doscientos dólares ($200).

De otro lado, el 3 de mayo de 2024, **por los mismos hechos ocurridos el 1 de abril de 2024,** el Ministerio Fiscal presentó otras tres (3) denuncias ante el Tribunal de Primera Instancia de Fajardo. Estas acusaciones fueron por violación al Art. 15 de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 1987, 9 LPRA sec. 3214 (comercio ilegal de vehículos y piezas), así como por infracciones al Art. 246 (a) (impedir a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir alguna de las obligaciones de su cargo), y al Art. 93 (a) (tentativa de asesinato) del Código Penal, supra. El Tribunal de Primera Instancia de Fajardo sólo encontró causa para arresto por la infracción al Art. 15 de la Ley para la Protección de la Propiedad Vehicular, supra. Inconforme con la decisión, el 11 de septiembre de 2024, el Ministerio Público acudió en alzada y prevaleció en cuanto a la imputación de tentativa de asesinato.

Tras varias instancias procesales que no es necesario detallar, el peticionario acudió a este Tribunal mediante un

recurso de *Certiorari*, presentado el 28 de febrero de 2025, y un *Urgente auxilio de jurisdicción y solicitud de paralización*, presentado el 28 de marzo de 2025.

En síntesis, el peticionario sostiene que el pleito en el Tribunal de Primera Instancia de Fajardo versa sobre un curso de acción que comenzó en Carolina y terminó en Fajardo. En consecuencia, sostiene que la Región Judicial de Carolina lo juzgó y lo sentenció, por lo que el Tribunal de Primera Instancia de Fajardo está impedido de entablar un caso paralelo en su contra. Al respecto, arguyó que correspondía la consolidación de las acusaciones y que el fraccionamiento de estas violó su garantía constitucional contra la doble exposición. No obstante, ambas peticiones fueron denegadas por este Tribunal.

Por estar en desacuerdo con este proceder, a continuación, expongo las bases legales que avalan mi disenso.

## II.

De entrada, considero que en este caso se configura un concurso real de delitos, ya que, según los hechos expuestos, se trata de varios delitos cometidos como parte de un mismo curso de conducta que comenzó en el municipio de Carolina y se extendió hasta Fajardo. Me explico.

En nuestro ordenamiento jurídico, el concurso de delitos atiende las situaciones en las que una "misma persona comete, mediante uno o más actos, varias ofensas, las cuales son

valoradas y juzgadas conjuntamente en el mismo procedimiento judicial". Pueblo v. DiCristina Rexach, 204 DPR 779, 790 (2020) (citando a L.E. Chiesa Aponte, *Derecho penal sustantivo*, 2da ed., San Juan, Pubs. JTS, 2013, pág. 71). Esta figura permite determinar cuál es la pena que mejor refleja la gravedad del hecho y la culpabilidad de la persona. Íd.

Por su parte, el Art. 71 del Código Penal de Puerto Rico, 33 LPRA secc. 5104, regula los distintos tipos de concursos de delitos. En cuanto al concurso <u>real</u> de delitos, su inciso (b) dispone lo siguiente:

> (b) Concurso real de delitos: Cuando alguien haya realizado varios delitos que sean juzgados simultáneamente, cada uno de los cuales conlleva su propia pena, se le sentenciará a una pena agregada, que se determinará como sigue:
>
> (1) Cuando uno de los delitos conlleve pena de reclusión de noventa y nueve (99) años, ésta absorberá las demás.
>
> (2) Cuando más de uno de los delitos conlleve reclusión por noventa y nueve (99) años, se impondrá además una pena agregada del veinte (20) por ciento por cada víctima.
>
> (3) En los demás casos, se impondrá una pena para cada delito y se sumarán, no pudiendo exceder la pena agregada del veinte (20) por ciento de la pena para el delito más grave.

Por otro lado, en Pueblo v. Rivera Cintrón, 185 DPR 484, 501-502 (2012), expusimos que el concurso <u>real</u> de delitos se define como

> **[v]arias unidades de conducta que se suceden una a otra con intervalos más o menos largos,**

**pero juzgadas en conjunto, [que] pueden violar la misma ley o diversas leyes."** […] Por su parte, la profesora Nevares-Muñiz explica que en "la doctrina penal civilista el concurso real se trata como una figura procesal que **requiere que se juzgue al actor en un mismo proceso por todos los delitos que cometió".** […] (Negrillas suplidas).

Asimismo, la profesora Dora Nevares-Muñiz, en su *Código Penal de Puerto Rico*, 4ta ed. rev., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2019, pág. 127, expresa que

[e]l inciso (b) [del Art. 71 del Código Penal] está redactado de manera que cubre tanto la figura del concurso real como la del concurso procesal. **El concurso real trata de la situación en que la persona realiza varios delitos, cada uno de los cuales tiene su propia pena y elementos subjetivo y objetivo independientes, pero por su secuencia temporal entre uno y otro por ser parte de un curso de conducta se procesan juntos.** Mientras que, **el concurso procesal trata de la situación en que para fines del juicio se acumulan varios delitos independientes y no relacionados entre sí contra un mismo acusado.** Tanto en el concurso real como en el procesal, cada delito conllevará una pena y el Art. 71 (b) provee varias reglas para el cumplimiento de las mismas, según aplique. (Negrillas suplidas).

De igual forma, la profesora Nevares-Muñiz añade que, en Pueblo v. Álvarez Vargas, 173 DPR 587 (2008), se aborda una situación de concurso procesal, en la cual interpretamos el Art. 79 del Código de 2004 (texto similar al 71(b) del Código Penal vigente). En ese contexto, la profesora indica que reconocimos que uno de los propósitos del concurso de delitos es reducir la magnitud de las penas. Íd. Al respecto, expresó que

los requisitos son: 1) delitos en concurso deben corresponder a una sola persona; 2)

elemento jurídico material: varios delitos con su propia pena; 3) elemento procesal: procesamiento simultáneo. Es necesario que los delitos puedan ser acumulados en una misma acusación conforme disponen las Reglas de Procedimiento Criminal…" Íd.

Por lo tanto, en casos de concurso real, conforme al Art. 71(b) del Código Penal, supra, aplica la protección otorgada por el Art. 72 de dicho código. En particular, el Art. 72 dispone lo siguiente:

> [e]n los casos provistos por el Artículo anterior, se juzgarán por todos los delitos concurrentes.
>
> La absolución o sentencia bajo alguno de ellos impedirá todo procedimiento judicial por el mismo hecho, bajo cualquiera de las demás.
>
> […].

Por ello, la autora Nevares-Muñiz indica que "si no hay concurso de delitos, o los delitos no son acumulables, la protección que provee este artículo 72 no se activa". D. Nevares-Muñiz, *op. cit.*, pág. 128. En el caso del peticionario, considero que dicha protección sí se activa por existir un concurso real de delitos.

De otra parte, para que se configure el concurso real, no es necesario que las unidades delictivas ocurran simultáneamente, por lo que podrán ser independientes entre sí. Pueblo v. Álvarez Vargas, supra, pág. 600. En este contexto, y en relación con la controversia en cuestión, los hechos pudieron haber ocurrido en momentos y pueblos diferentes, como en este caso: unos en Carolina, justo después de la aparente apropiación ilegal del vehículo, y

otros en Fajardo, justo antes de la detención por parte de los agentes del orden público.

Por último, la profesora Nevares-Muñiz, discute que el Art. 72 del Código Penal

> provee una protección adicional para los acusados que la disposición constitucional contra la doble exposición, que es muy débil por razón de la interpretación aceptada para el término "mismo delito u ofensa". **Bajo este artículo 72, si el Ministerio Fiscal pudiendo acumular dos o más delitos, opta por acusar primero por uno de ellos, la absolución o convicción por ese delito será impedimento para acusar por el otro o los otros.**

> La jurisprudencia previa, interpretando la protección contra los procesamientos múltiples, dispone que en casos de concurso de delitos debe acusarse simultáneamente por todos los delitos que son parte del curso de conducta, salvo los casos excepcionales discutidos en Pueblo v. Rivera Ramos, 88 DPR 612 (1963) (uno de los delitos del curso de conducta no se ha consumado al momento del primer procesamiento); Pueblo v. Santiago Pérez, 160 DPR 618 (2003) (acusado pretende engañar al tribunal); por legislación se dispone que el concurso no aplica (e.g., sec. 7.03 Ley de Armas); se trata de faltas administrativas; o cuando conforme las Reglas de Procedimiento Criminal los delitos no son susceptibles de ser acumulados o se concede la separación de las causas." (Negrillas suplidas). Íd.

Como vemos, la profesora Dora-Nevares reconoce el Art. 72 del Código Penal, supra, como una <u>protección</u> adicional para la persona acusada de delito.

Ahora bien, adviértase que la Regla 37(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 37, dispone lo relacionado con la acumulación de delitos. En particular, establece que:

> (a) Acumulación de delitos. En la misma acusación o denuncia se podrán imputar dos o más delitos, en cargos por separado para cada uno de ellos, si los delitos imputados fueren de igual o similar naturaleza, o hubieren surgido del mismo acto o transacción, o de dos o más actos o transacciones relacionadas entre sí o que constituyeren partes de un plan común. Las alegaciones de un cargo podrán incorporarse en los demás cargos por referencia.

En definitiva, considero que la Regla 37(a) de Procedimiento Criminal, supra, entra en conflicto con la protección del Art. 72 del Código Penal, supra, cuando se configura un concurso real de delitos. Esto se debe a que, según la propia Regla 37(a), al utilizar la frase "se podrán", puede interpretarse que la misma no obliga al Ministerio Público a acumular en un mismo proceso todos los delitos cometidos por un mismo acusado.

Así pues, dicha disposición, en ciertas circunstancias, podría socavar la garantía que brinda el Art. 72 del Código Penal, supra, lo que hace necesario que este Tribunal interpretara el alcance de estas disposiciones legales para evitar resultados contrarios al propósito de la Asamblea Legislativa.

Por consiguiente, como parte de nuestro rol de interpretar y establecer el Derecho, así como de garantizar las protecciones expresamente otorgadas por la Asamblea Legislativa, resultaba necesario que este Tribunal expidiera los recursos presentados por el peticionario para pautar el Derecho aplicable. Además, era fundamental evaluar si la bifurcación de los delitos derivados de un mismo curso de

acción en dos (2) regiones judiciales distintas era procedente, ya que este análisis incide directamente en los derechos procesales de la persona acusada. A su vez, aparentan contravenir principios ampliamente reiterados en nuestro ordenamiento jurídico, como la economía procesal y la eficiente administración del sistema de justicia.

Inclusive, a mi juicio, este caso ameritaba la celebración de una vista oral para permitir una discusión más amplia y fundamentada sobre la aplicación de estas disposiciones legales. Toda vez esto no ocurrió, respetuosamente disiento del curso de acción adoptado por este Tribunal.


Luis F. Estrella Martínez
Juez Asociado