Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO <br><br> RECURRIDO <br><br> v. <br><br> JOSÉ ABNER SÁNCHEZ ROA T/C/C JOSÉ A. SÁNCHEZ ROA <br><br> PETICIONARIO | TA2025CE00811 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo <br><br> Caso Núm. CVI 2005G0031 y Otros <br><br><br> Sobre: Tentativa de Asesinato y Otros |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de enero de 2026.

### I.

El 18 de noviembre de 2025, el señor José Abner Sánchez Roa (señor Sánchez Roa o peticionario), representado por la Sociedad para Asistencia Legal, presentó digitalmente una *Petición de Certiorari*.[1] En el recurso, el peticionario nos solicitó revisar y revocar la *Resolución* emitida el 24 de septiembre de 2025 y, notificada el 26 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI, foro primario). En dicha determinación, el TPI declaró Ha Lugar, parcialmente, la *Moción al amparo de la Regla 185 de procedimiento criminal* que presentó el peticionario el 6 de febrero de 2025. La misma está basada en la

---

[1] Entrada Núm. 1, del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA). En la *Moción informativa y/o subsanación*, presentada también el 18 de noviembre de 2025 (entrada Núm. 2, SUMAC-TA), el peticionario solicitó que se aceptara el recurso como *Petición de Certiorari,* luego de haberlo presentado por error inadvertido como Escrito de Apelación en la nota del SUMAC-TA. El recurso aparece intitulado *Petición de Certiorari*. El resto del recurso también hace alusión al título *Petición de Certiorari.*

aplicación de la doctrina del concurso de delitos planteada por el peticionario, y el foro primario la declaró No Ha Lugar.[2]

Por lo anterior, el 10 de octubre de 2025, el peticionario presentó una *Moción de Reconsideración* ante el TPI.[3]

El 24 de octubre de 2025, el foro primario declaró No Ha Lugar la solicitud de reconsideración.[4]

Luego de la presentación del recurso ante nos, el 21 de noviembre de 2025, esta Curia emitió *Resolución.*[5] A petición de parte, y por tratarse de la revisión de una determinación interlocutoria, este Tribunal ordenó a la Secretaría identificar el recurso como *Certiorari*. También, nos dimos por enterados de la entrega física del audio de la vista de Reconsideración de Sentencia celebrada el 19 de agosto de 2025. Por último, esta Curia otorgó al Ministerio Público hasta el 1 de diciembre de 2025 para exponer su posición sobre los méritos del recurso.

Previo al vencimiento de dicho término, el 25 de noviembre de 2025, el Procurador General solicitó hasta el 15 de diciembre de 2025 para presentar su comparecencia.[6]

Así las cosas, el 1 de diciembre de 2025, mediante *Resolución,*[7] esta Curia concedió hasta el 8 de diciembre de 2025 como fecha final para la presentación de la posición del Procurador General.

En cumplimiento con la orden emitida, el 8 de diciembre de 2025, el Procurador General presentó su *Escrito en Cumplimiento de Orden.*[8]

---

[2] Anejo núm. 12 de la entrada núm. 1 del SUMAC-TA.
[3] *Íd.*, anejo núm. 13.
[4] *Íd.*, anejo núm. 15.
[5] Entrada Núm. 4, SUMAC-TA.
[6] Entrada Núm. 6, SUMAC-TA.
[7] Entrada Núm. 7, SUMAC-TA.
[8] Entrada Núm. 8, SUMAC-TA.

En vista de lo anterior, damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos procesales atinentes al mismo.

**II.**

El caso de marras tuvo su génesis en hechos ocurridos el 16 de agosto de 2005. Según las alegaciones en el expediente, el señor Sánchez Roa fue acusado por los Artículos 35, 105 (tentativa de asesinato) y el Art. 113 (aborto por fuerza o violencia, en segundo grado) del derogado Código Penal de Puerto Rico de 2004, 33 LPRA ant. secs. 4663, 4733, 4741, código vigente al momento de los hechos. [9]

El 10 de octubre de 2005, el TPI celebró la vista preliminar. Mediante *Resolución*, el foro primario determinó causa probable por los delitos originalmente imputados y por infracción al Art. 5.04 y al Art. 5.15 de la derogada Ley de Armas Núm. 404 de 2000.[10]

El 29 de junio de 2006, el TPI, mediante *Sentencia*,[11] ordenó el archivo del cargo por infracción al Art. 5.15 de la derogada Ley de Armas, *supra*. Fundamentó la determinación como sigue:

> Fundamentos para el archivo: SE ORDENA EL ARCHIVO BAJO LA DISPOSICI[Ó]N DE LA REGLA 247(B), SIN COSTAS, POR EXISTIR CONCURSO DE DELITO. (Subrayado en el original).

Señalado el pronunciamiento de sentencia, a la que compareció el peticionario, el 30 de agosto de 2006, el foro primario dictó sendas *Sentencias* y ordenó su cumplimiento como sigue:

> [...] No existiendo tal causa legal, el Tribunal pronuncia su sentencia en la siguiente forma: Que habiendo sido el acusado **JOSÉ A. SÁNCHEZ ROA** juzgado debidamente por el Tribunal de Derecho y declarado convicto de un delito de **TENT. ASESINATO**, el Tribunal en cumplimiento de su fallo del día 29 de junio de 2006, debe condenar y condena a dicho acusado a la pena de diez (10) años de reclusión, más cinco (5) años por la reincidencia simple para un total de quince (15) años de reclusión, más cinco (5) años por la reincidencia simple

---

[9] Entrada núm. 1, del Apéndice del recurso, SUMAC-TA.
[10] *Íd.*, entrada núm. 3.
[11] *Íd.*, entrada núm. 5.

para un total de quince (15) años de reclusión, sin costas, consecutiva con; CV12005-G-0032; CLA2005-G-0235, concurrente con cualquier otra pena que en derecho proceda. Se exime del pago de la pena especial, Ley 183. [...][12]

[...] No existiendo tal causa legal, el Tribunal pronuncia su sentencia en la siguiente forma: Que habiendo sido el acusado **JOSÉ A. SÁNCHEZ ROA** juzgado debidamente por el Tribunal de Derecho y declarado convicto de un delito de **INFR. ART. 113 C.P.** , el Tribunal en cumplimiento de su fallo del día 29 de junio de 2006, debe condenar y condena a dicho acusado a la pena de once punto 5 (11.5) años de reclusión, más cinco punto setenta y cinco (5.75) años por la reincidencia simple para un total de diecisiete punto veinticinco (17.25) años de reclusión, sin costas, consecutiva con; CV12005-G-0031; CLA2005-G-0235, concurrente con cualquier otra pena que en derecho proceda. Se exime del pago de la pena especial, Ley 183. [...][13]

[...] No existiendo tal causa legal, el Tribunal pronuncia su sentencia en la siguiente forma: Que habiendo sido el acusado **JOSÉ A. SÁNCHEZ ROA** juzgado debidamente por el Tribunal de Derecho y declarado convicto de un delito de **INFR. ART. 5.04 L.A.** , el Tribunal en cumplimiento de su fallo del día 29 de junio de 2006, debe condenar y condena a dicho acusado a la pena de diez (10) años de reclusión, más cinco (5) años por la por la reincidencia simple para un total de quince (15) años de reclusión, [ilegible], se duplica la pena por haber causado grave daño corporal a la víctima para un total de treinta (30) años de reclusión, consecutiva con; CV12005-G-0031; CVI2005-G-0232, concurrente con cualquier otra pena que en derecho proceda. Se exime del pago de la pena especial, Ley 183. [...][14]

El 21 de junio de 2007, mediante *Sentencia,* un panel hermano confirmó los fallos emitidos por el foro primario.[15] En esa ocasión, el peticionario impugnó la evidencia presentada en su contra.

Luego de transcurridos varios años, el 6 de febrero de 2025, el peticionario presentó *Moción al amparo de la Regla 185 de*

---

[12] *Íd.,* entrada núm. 7.
[13] *Íd.,* entrada núm. 8.
[14] *Íd.,* entrada núm. 9.
[15] Este Tribunal toma conocimiento de la *Sentencia* emitida por un panel hermano en el recurso anterior KLAN0601245 presentado por el peticionario. Dicha determinación de este foro apelativo intermedio también fue nombrada en la *Resolución* impugnada en el presente recurso. Véase, Entrada Núm. 2, del Apéndice del recurso, pág. 3, SUMAC-TA.

*procedimiento criminal.*[16] En el escrito, el peticionario expresó que las penas dictadas por el Art. 113 y por tentativa de asesinato bajo el derogado Código Penal de Puerto Rico de 2004, *supra*, fueron dictadas en exceso y solicitó su corrección. En síntesis, fundamentó su petición en la aplicación de la doctrina de concurso de delitos. Argumentó que la pena debió dictarse de manera concurrente y no consecutiva. Por lo anterior, suplicó que las sentencias en los casos se dicten de manera concurrente, coligió que la pena impuesta no podía ser mayor a los quince años.

El 19 de febrero de 2025, el Ministerio Público presentó su oposición.[17] Sostuvo la validez de la determinación impugnada. También, puntualizó que el señor Sánchez Roa no disputó sus sentencias en un recurso previo que presentó ante este foro apelativo al amparo de la Regla 192.1 de Procedimiento Criminal.[18] Por esta razón, el Ministerio Público planteó que, al no presentarlo en ese entonces, el peticionario renunció a lo solicitado en el presente recurso.

Así las cosas, el 19 de agosto de 2025, se celebró una Vista Argumentativa.[19] Mediante representación legal, el peticionario sostuvo que el concurso ideal, según dispuesto en el Art. 78 del Código Penal de 2004, *supra*, es el aplicable a las sentencias dictadas por el foro primario.[20]

Agregó que las penas deben dictase para cumplirse de manera concurrente. Reiteró que la pena impuesta no podía ser mayor a los quince años por los delitos de tentativa de asesinato y aborto por fuerza o violencia. Sobre la pena por los delitos bajo la Ley de Armas,

---

[16] Entradas Núm. 1 y 10 del Apéndice del recurso.

[17] *Íd.*, entrada núm. 11 del Apéndice del recurso.

[18] Este Tribunal toma conocimiento de la *Resolución* emitida por este Tribunal de Apelaciones el 14 de mayo de 2008 en KLCE200800341, sobre una petición de *Certiorari* incoada por el peticionario cuya expedición fue denegada.

[19] Entrada núm. 17 del Apéndice del recurso.

[20] Audio de la vista de reconsideración de sentencia, celebrada el 19 de agosto de 2025, minutos 1:46-3:13.

*supra*, se expresó conforme. Distinguió que la determinación del caso por Ley de Armas es aparte y que no era necesaria su revisión.[21]

Por su parte, el Ministerio Público indicó que la Moción al amparo de la Regla 185 de procedimiento criminal, presentada por el peticionario no procede pues la sentencia dictada por el foro primario no es ilegal. Reiteró que el peticionario renunció a impugnar las sentencias cuando dejó de presentar estas impugnaciones en sus peticiones anteriores incoadas a la luz de la Regla 192.1 de procedimiento criminal. [22] También, insistió en que las penas deben mantenerse consecutivas ya que el Tribunal ejerció su discreción al momento de imponerlas.[23]

El 24 de septiembre de 2025, notificada el 26 del mismo mes y año, el Tribunal de Primera Instancia emitió *Resolución.* [24] Coincidió con el Ministerio Público en que el concurso de delitos no aplica al caso del señor Sánchez Roa. Sobre las penas impugnadas en este recurso (tentativa de asesinato y aborto por fuerza o violencia) el foro primario modificó las sentencias como sigue:

> [...] las penas de los delitos de tentativa de asesinato y de aborto por fuerza o violencia deben ser corregidas. Es decir, la pena del delito de tentativa de asesinato permanecerá igual, en diez (10) años, siendo esta la pena del delito y la máxima permitida, y se eliminará la pena de 5 años de la reincidencia simple.[25] En cuanto a la pena correspondiente al delito de aborto por fuerza o violencia, esta se mantendrá en 11.5 años según fue dictada y se reducirá la pena de la reincidencia simple a 3.5 años, para un total de quince (15) años, que era la pena máxima del delito. [26] La consecutividad de las sentencias, permanecerá inalterada.

---

[21] *Íd.*, minutos 4:18-5:00.

[22] *Íd.*, minutos 8:50-11:08.

[23] *Íd.*, minutos 11:26-12:30.

[24] Entradas Núm. 2 y 12 del Apéndice del recurso.

[25] Nota al calce Núm. 15, pág. 13, de la Resolución en el Caso Núm: CVI2005G0031 y otros: "Se elimina la reincidencia simple ya que la tentativa de delito de asesinato tiene una pena de 10 años, siendo esta el máximo de pena del delito. Si aplicamos los agravantes de la reincidencia simple se excedería la pena máxima del delito."

[26] Nota al calce Núm. 16, pág. 13, de la Resolución en el Caso Núm: CVI2005G0031 y otros: "El Ministerio Público, en su comparecencia en oposición, informó que, habiendo reincidencias alegadas en cada uno de los delitos, la tentativa de asesinato debió ser una pena de diez (10) años, mientras que la pena por el delito de aborto por fuerza o violencia debía ser de quince (15) años. Sin embargo, durante la vista expuso que dichas sentencias no debían ser modificadas, y que, aunque se podía argumentar en contrario, las penas

Conforme a la determinación anterior, el 24 de octubre de 2025, notificada el 28 del mismo mes y año, el foro primario emitió *Sentencia Enmendada.*[27]

En desacuerdo, el 10 de octubre de 2025, el peticionario presentó una *Moción de reconsideración.*[28] Insistió en que las penas por tentativa de asesinato y aborto por fuerza o violencia impuestas al señor Sánchez Roa "se dicten de manera concurrente y que sólo se imponga una pena que no exceda 15 años de cárcel por ambos delitos." Por su parte, el Ministerio Público se opuso.[29] Sostuvo que la determinación del Tribunal de Primera Instancia debe mantenerse.

El 24 de octubre de 2025, notificada el 27 de octubre de 2025, mediante *Resolución,* el foro primario declaró No Ha Lugar la solicitud de reconsideración del peticionario.[30]

Inconforme, el 18 de noviembre de 2025, peticionario acudió ante nos, mediante el presente recurso de *certiorari* e imputó el siguiente error al foro primario:

> "COMETIÓ GRAVE ERROR DE DERECHO CONSTITUCIONAL Y ESTATUTARIO EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ABUSAR DE SU DISCRECIÓN Y CONDENAR AL SEÑOR JOSÉ A. SÁNCHEZ R[O]A, A CUMPLIR LAS SENTENCIAS POR EL CARGO DE TENTATIVA DE ASESINATO Y POR EL ARTÍCULO 113 DEL CÓDIGO PENAL DE 2004 DE FORMA CONSECUTIVA PARA UN TOTAL DE VEINTICINCO (25) AÑOS, A PESAR DE QUE AMBOS DELITOS SE REFIEREN A UN MISMO HECHO EN UNA MISMA FECHA- UN SOLO ACTO" Y POR LO TANTO LE ES DE APLICACIÓN LA DOCTRINA DE CONCURSO DE DELITOS, EN SU MODALIDAD DE CONCURSO IDEAL.

Tras un estudio objetivo, sereno y cuidadoso de los argumentos de las partes y de la totalidad del expediente,

---

impuestas en aquel momento estaban bajo el margen establecido en Ley y se debían mantener consecutivas."

[27] Entradas Núm. 2 y 16 del Apéndice del recurso.

[28] *Íd.*, entrada núm. 13.

[29] *Íd.*, entrada núm. 14.

[30] *Íd.*, entrada núm. 15.

procederemos a consignar la normativa jurídica atinente a la controversia ante nos.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. *supra,* pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones*,* según enmendada*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.*[31]

---

[31] Esta Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, *supra*; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, *supra*, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". *Citibank et al.*

---

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*v. ACBI et al.*, *supra*, pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

### B.

En nuestro ordenamiento, se reconoce que el concurso de delitos está presente en instancias en las que una misma persona comete, con uno o más actos, varias ofensas que son valoradas y juzgadas conjuntamente en el mismo procedimiento judicial. ***Pueblo v. DiCristina Rexach,*** 204 DPR 779, 790 (2020); L. E. Chiesa Aponte, *Derecho penal sustantivo,* 2nda ed., San Juan, Pubs. JTS, 2013, pág. 59. Mediante la figura del concurso de delitos se evalúa cómo determinar cuál es la pena que mejor refleja la gravedad del hecho y la culpabilidad de la persona. Íd. Su naturaleza responde al propósito de reducir la magnitud de las penas al evitar que una persona sea castigada por un mismo hecho delictivo y al aminorar la pena impuesta por la comisión de dos o más delitos diferentes. ***Pueblo v. Álvarez Vargas,*** 173 DPR 587, 592 (2008).

La figura del concurso puede suscitarse en tres tipos de escenarios: (1) el concurso ideal, (2) el concurso medial y (3) el concurso real. Íd.

El primero, el ideal, ocurre cuando con un solo acto o unidad de conducta se violan varias disposiciones penales que tutelan bienes jurídicos distintos. Íd.; ***Pueblo v. Álvarez Vargas,*** *supra*, págs. 592-593. Cuando es aplicable, procede acusar a la persona por más de un delito para castigar todos sus actos, pero únicamente se le sanciona con la pena más grave porque las múltiples violaciones fueron producto de una misma conducta. Íd.; ***Pueblo v. Álvarez Vargas,*** *supra*, pág. 593.

El segundo, el medial, surge cuando una persona comete más de un delito, pero todas las circunstancias apuntan a que uno de los delitos fue el medio necesario para cometer el otro. Íd.; ***Pueblo***

*v. Álvarez Vargas, supra.* En estos casos, se aplica la misma norma del concurso ideal. Íd.; **Pueblo v. Álvarez Vargas,** *supra,* pág. 593-594.

El tercero, el real, ocurre cuando varias unidades de conducta violan la misma ley o leyes penales distintas, de forma que con varios actos se cometen varios delitos. Íd.; **Pueblo v. Álvarez Vargas,** *supra,* pág. 594.

Ahora, para la aplicación del concurso real, se ha reconocido que se deben cumplir los siguientes requisitos: (1) que exista identidad del sujeto activo; (2) que ese sujeto haya cometido varios delitos independientes entre sí; (3) que se le haya sometido a un juicio simultáneo, conforme a las Reglas de Procedimiento Criminal, *supra;* y (4) que una disposición especial no prohíba la pena agregada. **Pueblo v. DiCristina Rexach**, *supra,* pág. 792, citando a **Pueblo v. Álvarez Vargas,** *supra,* pág. 599.[32]

### IV.

En el caso de marras, el TPI emitió una *Resolución* en donde determinó que el señor Sánchez Roa debe cumplir las sentencias impuestas por los delitos de tentativa de asesinato y aborto por fuerza o violencia, en segundo grado, de manera consecutiva. En el recurso presentado ante nos, el peticionario planteó que el foro primario erró en su determinación y arguyó que estas sentencias deben ser cumplidas de manera concurrente en virtud de la aplicación de la figura del concurso ideal de delitos.

Tras un estudio objetivo, sereno y cuidadoso del expediente del recurso, resolvemos expedir el auto de *certiorari* y confirmar la determinación emitida por el foro primario.

---

[32] Adviértase que, en **Pueblo v. DiCristina Rexach,** *supra,* nuestro más alto foro aplicó los requisitos delimitados en **Pueblo v. Álvarez Vargas,** *supra.* En aquella ocasión se interpretó el Artículo 79 del Código Penal de 2004, Ley Núm. 149 de 2004, según enmendada, 33 LPRA ant. sec. 4707.

La Regla 185 de las de Procedimiento Criminal de Puerto Rico, 34 LPRA Ap. II, R. 185, se considera el mecanismo adecuado para corregir o modificar la pena impuesta cuando la sentencia es ilegal, contiene errores de forma, se ha impuesto un castigo distinto al previamente establecido, o cuando por razones justicieras amerita que se reduzca la pena impuesta. ***Pueblo v. Silva Colón,*** 184 DPR 759, 774 (2012). En lo particular al caso que nos ocupa, el inciso (a) de la Regla 185 dispone que:

(a) **Sentencia ilegal; redacción de la sentencia-El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo, podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de *certiorari.***

(b) Errores de forma; Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación. (Énfasis nuestro).

Como podemos ver, en el primer inciso de la Regla 185 de las de Procedimiento Criminal de Puerto Rico, *supra*, se distinguen dos escenarios; a saber: cuando se aduce que la sentencia objeto de cuestionamiento es una ilegal o cuando se parte de la premisa de que la decisión es válida. Bajo el primer supuesto, hemos de señalar que por sentencia ilegal se entiende aquella dictada sin jurisdicción o aquella decretada por el tribunal sentenciador en total transgresión a la ley penal. Por tal razón, aquellas sentencias que no se ajustan a la letra de la ley, por haberse impuesto una pena contraria a lo que dispone el estatuto, se consideran nulas e inexistentes por ser las leyes penales de carácter jurisdiccional.

*Pueblo v. Silva Colón, supra, Pueblo v. Lozano Díaz*, 88 DPR 834, 840 y 842 (1963). En vista de ello, el tribunal puede corregir una sentencia ilegalmente emitida en cualquier momento. *Pueblo v. Casanova Cruz*, 117 DPR 784, 786 (1986).

Por otro lado, debemos recordar que es norma firmemente establecida que el tribunal sentenciador tiene amplia discreción para disponer lo que proceda en derecho. Nuestro más Alto Foro ha establecido que, por norma general, los tribunales apelativos no intervendremos con el ejercicio de la discreción del tribunal de instancia en la imposición de la pena, salvo en los casos de claro abuso de discreción. *Pueblo v. Rodríguez Santana*, 146 DPR 860(1998); *Pueblo v. Pérez Zayas*, 116 DPR 197 (1985).

Por su parte, la Regla 192.1 de Procedimiento Criminal, *supra*, provee para que una persona detenida impugne una sentencia condenatoria en su contra al amparo de alguno de los fundamentos siguientes: (1) la sentencia fue impuesta en violación a la Constitución o a las leyes del Estado Libre Asociado de Puerto Rico o a la Constitución y las leyes de Estados Unidos; (2) el tribunal no tenía jurisdicción para imponer esa sentencia; (3) la sentencia impuesta excede la pena prescrita por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo.

Al amparo de este esquema procesal, la cuestión a plantearse es si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo. *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020), *Pueblo v. Pérez Adorno*, 178 DPR 946, 965-966 (2014); *Pueblo v. Román Mártir*, 169 DPR 809, 824 (2007).

La moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, puede presentarse en cualquier momento en la sala del tribunal que impuso la sentencia. Dicho foro determinará si procede anular, dejar sin efecto o corregir la sentencia emitida.

Según la Regla, el peticionario incluirá en la moción los fundamentos que entienda meritorios para recibir el remedio provisto. *Íd.* **Los fundamentos que no se incluyan en la moción se entenderán renunciados a menos que el tribunal determine que no pudieron presentarse en la moción original.** *Íd.*

Conforme a lo solicitado por el señor Sánchez Roa, tiempo después de dictada su sentencia en el año 2006, el foro primario emitió una *Sentencia Enmendada* en el año 2025. En este dictamen enmendado, el TPI modificó la sentencia por el delito de tentativa de asesinato a diez (10) años y el de aborto por fuerza o violencia, en segundo grado, a quince (15) años. [33] Así las cosas, y según expresado en la *Sentencia Enmendada,* las penas por los delitos de tentativa de asesinato y aborto por fuerza o violencia, en segundo grado, impuestas al señor Sánchez Roa fueron reducidas.

Según resuelto por el foro recurrido, el Tribunal Supremo de Puerto Rico ha dispuesto que la doctrina sobre el concurso de delitos no opera, cuando el acto genera más de una lesión. *Pueblo v. Suárez Fernández*, 116 DPR 842, 853 (1986). De esta forma, ya el Alto Foro había expresado que, si como resultado del mismo ataque, del mismo acto o de la misma transacción, varias personas fueron lesionadas, heridas o muertas, entonces pueden presentarse contra el trasgresor tantas acusaciones como personas afectadas haya, siempre que la evidencia requerida en cada caso sea distinta. *Pueblo v. Matos Pretto*, 93 DPR 113, 126 (1966).

Recientemente, en *Pueblo v. Anthony Mayr*, 2025 TSPR 37, 215 DPR ____ (2025), mediante voto particular disidente, el Juez Asociado Señor Estrella Martínez estimó la necesidad de recordar el concurso procesal de delitos atendido en *Pueblo v. Álvarez Vargas, supra.* El Juez Asociado Señor Estrella Martínez consideró la

---

[33] Entradas Núm. 2 y 16 del Apéndice del recurso.

interpretación que en ese entonces hizo el Alto Foro del Código Penal de 2004 sobre concurso de delitos y la apreciación de la profesora Dora Nevarez-Muñiz sobre esta doctrina como reductora de la magnitud de las penas[34] y una protección adicional para la persona acusada de delito. Por lo cual, entendió que dicho caso ameritaba la celebración de una vista oral para permitir una discusión más amplia y fundamentada sobre la aplicación de estas disposiciones legales. De esta forma, entendió el Señor Juez Asociado Estrella Martínez, que es necesario analizar, interpretar y pautar el alcance de los artículos que regulan el concurso de delitos, junto con la Regla 37 de Procedimiento Criminal, 34 LPRA Ap. II, R. 37.

En el caso ante nos, concluimos que la aplicación de la doctrina y la aplicación de reducción de las penas fue aplicada conforme a derecho.

Tal como determinó el tribunal sentenciador, aunque Sánchez Roa fue acusado por un solo acto, este, al criterio del Tribunal que atendió el juicio, causó dos lesiones, distinguibles entre sí. Es decir, fue declarado culpable del delito de tentativa de asesinato por intentar dar muerte a la Sra. María Dávila Heredia, causándole lesiones por disparo y del delito de aborto por fuerza o violencia, habiendo fallecido la criatura de 6 meses que la Sra. Dávila Heredia tenía en su vientre, debido a los daños a ésta obrando fuerza o violencia. Ambos cargos tenían elementos de delito y de prueba distintos. El curso de acción para lograr el objetivo de Sánchez Roa generó diversas lesiones y cada una constituyó un delito punible separadamente de los demás. ***Pueblo v. Suárez Fernández***, *supra.* Cónsono con lo anterior, el foro primario entendió que no procede variar las sentencias emitidas en cuanto al concurso de delitos y que

---

[34] Pueblo v. Antony Mayr, 2025 TSPR 37, 2015 DPR ___, 6-7 (2025), citando a la profesora Dora Nevarez-Muñiz, *Código Penal de Puerto Rico*, 4ta ed. Rev., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2019, pág. 127. Véase también *Pueblo v. Álvarez Vargas*, 173 DPR 587 (2008) mencionado por la profesora Nevarez-Muñiz, según manifestado en el voto disidente.

las penas impuestas de forma consecutiva reflejan la voluntad del Tribunal, la gravedad del hecho y la culpabilidad del convicto. ***Pueblo v. DiCristina Rexach****, supra,* pág. 790.

Así, en virtud de todo lo anterior, corresponde expedir el auto de *certiorari* y confirmar la *Resolución* recurrida.

**V.**

Por los fundamentos pormenorizados, se expide el auto de *certiorari* y se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones